# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-550V
Filed: June 7, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ANGELA THOMAS,                      *
                                    *
            Petitioner,             *
v.                                  *
                                    *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.*
*Julia W. McInerny, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 29, 2015, Angela Thomas ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered impingement syndrome caused in fact by the influenza and tetanus, diphtheria, acellular pertussis ("Tdap") vaccinations she received on November 4, 2013. Petition at 1; *see also* Stipulation, filed Apr. 7, 2016, ¶¶ 1-2, 4. On April 7, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 24).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 17, 2016, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 28).  Petitioner requests attorneys' fees in the amount of **$18,508.00** and attorneys' costs in the amount of **$1,596.34** for a total amount of **$20,104.34**.  Attachment to Motion, filed May 17, 2015, at ¶ 5 (ECF 28).  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* at ¶ 5.

On May 31, 2016, respondent filed a response to petitioner's motion.  (ECF No. 30).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2 (citation omitted).  "Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $11,000.00 to $14,000.00."  *Id.* at 3 (citing specific cases).

On May 31, 2016, petitioner filed a reply.  (ECF No. 31).  Petitioner argues that respondent has provided "no precise objection."  *Id.*  Petitioner adds that respondent's "only fact specific argument" is that, based on her experience, the fees and costs paid in this case should be between $11,000 and $14,000.  *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $725.00[3] for preparing the reply.  Reply at 4 n.1 (ECF No. 31).  However, because petitioner's counsel has filed a near-identical reply in other SPU cases, the undersigned does not find the number of hours requested for the preparation of the reply brief to be reasonable in this case.  Therefore, the undersigned reduces the requested hours to two hours and awards **$580.00** for the preparation of petitioner's reply brief.  Thus, the total amount awarded for attorneys' fees and costs is **$20,684.34**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] This amount represents 2.5 hours of time at Mr. Carney's newly requested rate of $290/hour.  *See* Motion at 1.

      **Accordingly, the undersigned awards the total of $20,684.34[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

      The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.